JUSTICE LEAPHART,
specially concurring.
¶115 A number of the briefs filed in this appeal, noting that the deputies testified that they were “commanded by the judge” to go seize the property, expressed a concern that officers should be protected in the performance of their duties when they are acting in reliance on a court order. I write separately to address that concern and point out that the parties did not specifically raise, and thus the Court does not address, the question of quasi-judicial immunity, which is separate and distinct from qualified immunity. In doing so, however, I do not express an opinion as to whether the doctrine of quasi-judicial immunity would change the result in this case.
¶116 Under our 1972 Constitution, the government is not immune from suit unless the legislature enacts a statute by a two-thirds vote of each house. Art. II, Sec. 18, Mont. Const. Pursuant to that provision, the legislature enacted § 2-9-112, MCA, which provides as follows:
*34 Immunity from suit for judicial acts or omissions. (1) The state and other governmental units are immune from suit for acts or omissions of the judiciary.
(2) A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court.
(3) The judiciary includes those courts established in accordance with Article VII of The Constitution of the State of Montana.
¶117 We addressed the question of quasi-judicial immunity in Reisdorff v. County of Yellowstone, 1999 MT 280, 296 Mont. 525, 989 P.2d 850. Complaints of animal cruelty had been lodged against Reisdorff. She filed a suit for damages claiming that the county had searched her property without her permission. Reisdorff contended that when the Yellowstone County animal control officers searched her property and removed her animals, they were not entitled to immunity because they were not agents of the judiciary involved in an official duty. The animal control officers argued that they acted pursuant to the justice of the peace’s orders and were thus entitled to immunity. We concluded that the animal control officers, after asking for and receiving permission to seize the animals, were “directly implementing the justice court order to: ‘Take what steps it deems necessary to bring the defendant into compliance.’” Reisdorff, ¶ 30.
¶ 118 We then explained that the doctrine of quasi-judicial immunity arises from the doctrine of judicial immunity:
“Quasi-Judicial Immunity is more limited than the immunity afforded Judges and extends only to those acts committed within the scope of the actor’s jurisdiction and with the authorization of law. The Doctrine is not for the benefit of a defendant-actor but rather for the benefit of the public whose interest it is that quasi-judicial officers should be at liberty to exercise their functions unfettered by fear of legal consequences.”
Reisdorff, ¶ 35, quoting Turner v. American Bar Ass’n (N.D. Texas 1975), 407 F.Supp. 451, 482.
¶119 The federal circuit courts have explained the policy considerations behind quasi-judicial immunity. “The fearless and unhesitating execution of court orders is essential if the court’s authority and ability to function are to remain uncompromised.” Coverdell v. Dept. of Social & Health Services (9th Cir. 1987), 834 F.2d 758, 765. Police officers “must not be required to act as pseudo-appellate courts scrutinizing the orders of judges.” Valdez v. City and County of Denver (10th Cir. 1989), 878 F.2d 1285, 1289. Rather, “the *35 public interest demands strict adherence to judicial decrees.” Id.
¶120 As to officers who rely and act upon a judge’s order, there is nothing in this opinion which abrogates the doctrine of quasi-judicial immunity. As we concluded in Reisdorff, “[c]ourts have consistently held that officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order.” Reisdorff, ¶ 35 (citation omitted).